IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELVAC PRODUCTION MACHINERY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 25-166-JLH |
| ADONIS ACQUISITION HOLDINGS LLC, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM ORDER

At Wilmington this **29th** day of **July, 2025**, the court having considered the parties' discovery dispute letter submissions (D.I. 68; D.I. 69), IT IS ORDERED that the pending joint motion for teleconference to resolve discovery disputes (D.I. 64) is addressed as follows:

**1. Background.** Plaintiff Belvac Production Machinery, Inc. ("Plaintiff" or "Belvac") brought this civil action for copyright infringement against Adonis Acquisition Holdings LLC ("Defendant" or "Adonis"), alleging that Defendant is reproducing Plaintiff's copyrighted software in random access memory ("RAM") or other temporary storage in violation of the Copyright Act. (D.I. 68 at 1; D.I. 47) According to Plaintiff, Defendant's infringing acts "have occurred or will imminently occur as [Defendant] continues to operate the Belvac Equipment in which the copyrighted Software is embedded." (*Id.*) To obtain the evidence necessary to support its claims, Plaintiff seeks the entry of a protocol to govern the preservation and production of electronically stored information ("ESI") in this case. (D.I. 68, Ex. B) Defendant opposes Plaintiff's proposal, arguing that Plaintiff has not shown good cause to deviate from the court's Default Standard. (D.I. 69 at 1)

2. **Legal standard.** The parties agree that the good cause standard should govern the court's analysis. (D.I. 68 at 2; D.I. 69 at 1-2) The District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information (the "Default Standard"), governs the preservation of discoverable information. The Default Standard states that, "[a]bsent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control." D. Del. Default Standard, ¶ 1(c)(i).

3. The Default Standard also identifies a list of specific categories of ESI which need not be preserved absent a showing of good cause. *Id.* at ¶ 1(c)(ii). Among this list are three categories of ESI relevant to this dispute: (a) deleted, slack, fragmented, or other data only accessible by forensics; (b) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; and (c) server, system, or network logs. *Id.*; Schedule A at ¶¶ 1, 2, & 11.

4. **Analysis.** Plaintiff proposes compelling Defendant to preserve three categories of ESI only "to the extent that this information evidences use, reproduction, preparation of a derivative work, and/or distribution of the Belvac Software by Defendant": (a) deleted, slack, fragmented, or other data only accessible by forensics; (b) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; and (c) server, system, or network logs. (D.I. 68 at 2) Of these three ESI categories, Plaintiff identifies RAM data, other temporary files, and system logs as "likely the most critical to this case[.]" (*Id.* at 2 n.2)

2

5. Plaintiff contends "it is undisputed that each time [Defendant] powers on or reboots the Belvac Equipment . . . a copy of [Plaintiff's] embedded, copyrighted programmable logic controller ('PLC') Software is made from an SD memory card to RAM for execution of the software, with the RAM copy remaining only until the Belvac Equipment is next powered off." (D.I. 68 at 3) To capture the relevant categories of ESI, Plaintiff suggests Defendant "need only perform real-time retention when it is conducting one of the enumerated reproductive acts," a phrase not expressly defined as such in the letter brief or the proposed ESI protocol. (*Id.*; Ex. B) Similarly, Plaintiff argues its proposal "requires the preservation of RAM, temporary file, and log information *only if it evidences an infringing act by Adonis* under one of the known-to-Adonis scenarios in which reproduction occurs," without defining the "known-to-Adonis scenarios." (*Id.* at 2) (emphasis in original).

6. Defendant's response convinces the court that the parties have not fully engaged in a meet and confer that included any exploration of compromise options. Defendant opposes any preservation requirement, but acknowledges that if the court finds good cause for preservation, the "starting point" for the protocol

> should . . . be no broader than requiring preservation of: RAM data, temporary files, and system logs located in, as applicable, the Belvac Equipment PLCs, external devices used to access the PLC Software, and/or the industrial PC on which the IMS Software resides when, and only when, Adonis powers on or reboots the Belvac Equipment, Adonis personnel access the PLC Software through an external device, or Adonis powers on or reboots the industrial PC on which the IMS Software resides.

(D.I. 69 at 3) Adonis disputes that "real-time" capture of RAM is even possible, noting that "the only programs Adonis has been able to identify . . . create a snapshot at the time the capture is initiated. This snapshot would not be a continuous capture of RAM over time." (*Id.*) Furthermore, Defendant knows of no tool to capture snapshots of RAM in Rockwell PLCs and

3

the PLCs do not create temporary files. Therefore, Defendant contends that there is no ESI in this category that could be preserved on the PLCs. (*Id.*)

7. With respect to burden, Defendant represents that the breadth of the preservation requirement would cause delays in production when Defendant needs to contact an outside vendor each time the equipment is rebooted or serviced. (*Id.* at 3-4) In addition, Defendant explains that storage is problematic for creating a capture of an external device's RAM, rendering it possible that Defendant would need to purchase secure cloud storage or onsite digital storage for the duration of the litigation. (*Id.*) Defendant estimates the cost of the proposed preservation would total between $40,000 and $240,000, depending on certain variables, but it provides no evidence beyond a brief declaration to substantiate these estimates. (*Id.*, Ex. 1 at ¶¶ 8-9) The record before the court suggests that Defendant did not investigate the cost, feasibility, or burden of implementing Plaintiff's proposal prior to the parties' meet and confer or the filing of the Joint Motion for Discovery Dispute Teleconference on July 7, 2025. (D.I. 68, Ex. C at 1-6)

8. Plaintiff's motion for the entry of its proposed ESI protocol is DENIED without prejudice. Plaintiff has not met its burden to show good cause for the preservation of ESI as set forth in its proposed protocol. Neither the proposed protocol nor Plaintiff's letter submission defines phrases such as "real-time retention" or "known-to-Adonis scenarios," rendering the scope of the information to be preserved too broad and vague. Furthermore, the parties have not met and conferred on Defendant's compromise proposal.

9. Therefore, IT IS ORDERED that the parties shall engage in a meet and confer on or before **August 8, 2025** with the goal of reaching a compromise consistent with Defendant's proposal. (D.I. 69 at 4) In addition to discussing the scope of Defendant's ESI preservation

4

obligations, the parties shall also meet and confer with respect to the reasonable anticipated costs for preservation of the ESI.

**10.** If no compromise is reached during the meet and confer process, any renewal of the instant motion by Plaintiff should include in the briefing: (1) analogous case authorities, to the extent there are any, regarding the preservation of evidence of the alleged reproduction of copyrighted software; and (2) precise and narrowly contoured language defining the scope of the ESI which must be preserved, with each side's competing proposal clearly identified for any portions of the proposed protocol that remain in dispute.[1]

**11. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

a. Plaintiff's motion for the entry of its proposed ESI Protocol is DENIED without prejudice; and

b. On or before **August 8, 2025**, the parties shall engage in a meet and confer regarding the scope of Defendant's ESI preservation obligations and the estimated costs of the preservation.

IT IS FURTHER ORDERED that the discovery dispute teleconference set for July 29, 2025 at 3:00 p.m. is CANCELLED.

**12.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

---

[1] The court expects Defendant will submit alternative proposed language in the event the court rejects its argument that no additional preservation provision is needed in the ESI protocol.

5

13. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____<br>
Sherry R. Fallon<br>
United States Magistrate Judge